**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NAOMI DORRIS,

    Plaintiff,

    v.

IT'S GREEK TO ME, INC.,

    Defendant.

Case No. 19-2445-DDC-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Naomi Dorris's ("Dorris") Motion for Leave to File Additional Claim Under the ADA. (ECF No. 55.) By way of this motion, Dorris seeks leave to amend to assert an Americans with Disabilities Act ("ADA") retaliation claim by adding this new claim to the pretrial order—after the close of an eight-month discovery period during which the court already extended the discovery deadline three times. For the reasons discussed below, the court finds that Dorris's motion is untimely and that the belated amendment would unfairly prejudice defendant It's Greek to Me, Inc. ("GTM"). Accordingly, Dorris's motion is denied.

**I.    BACKGROUND**

Dorris began working for GTM in August 2018 as a Customer Experience Representative. As relevant here, Dorris alleges that she suffers from a wrist injury—tendonitis and early carpal tunnel syndrome—that she contends constitutes a disability under the ADA. On February 4, 2019, Dorris notified GTM Human Resources Business Partner Jessica Thomas that she would be filing a workers' compensation claim relating to her wrist injury. Dorris also alleges that she requested reasonable accommodations at the same time, which she claims GTM did not take seriously. Three

days later, on February 7, GTM terminated Dorris's employment. On August 2, 2019, Dorris filed a complaint alleging that GTM failed to engage in the interactive process to determine whether her disability could be accommodated and terminated her employment because she was disabled (or perceived as disabled), in violation of the ADA; terminated her employment in retaliation for asserting a workers' compensation claim, in violation of Kansas common law; and discriminated against her based on race and terminated her employment in retaliation for complaining about race discrimination, in violation of Title VII of the Civil Rights Act of 1964.

The scheduling order required the parties to file any motions for leave to amend the pleadings by October 18, 2019. (ECF No. 13 ¶ 3(b), at 7.) No party filed a motion to amend by that deadline. That initial scheduling order also required the parties to complete discovery by March 13, 2020. (*Id.* ¶ 2(b), at 4.) On February 10, 2020, the court granted the parties' request to extend certain pretrial deadlines (but not the trial date), including extending the deadline to complete discovery to March 31. (*See* ECF No. 31.) But before the parties could complete discovery by March 31, the COVID-19 pandemic hit and the parties requested another extension, which the court granted—extending the discovery deadline to May 29, continuing the pretrial conference, and resetting the trial date to March 2, 2021. (ECF No. 40.) In May of 2020, the parties again requested another extension in light of challenges associated with the COVID-19 pandemic. At that time, the court extended the deadline to complete discovery to June 19, the deadline for the parties to submit a proposed pretrial order to June 29, and set the pretrial conference for July 6. (ECF No. 46.)

The parties report that they completed discovery by June 19. In advance of the final pretrial conference on July 6, they submitted a jointly proposed pretrial order that revealed for the first time that Dorris intended to seek leave to add an ADA retaliation claim. (ECF No. 54, at 1.) The

court converted the July 6 final pretrial conference to a status conference, at which time the court set a briefing schedule for Dorris's motion to amend. (*Id.*) The court also continued the final pretrial conference to July 30 and vacated the dispositive motion deadline and trial date, to be reset when the court enters the pretrial order. (*Id.* at 1-2.)

Dorris's motion is now fully briefed. Dorris seeks leave to amend her complaint to add an ADA retaliation claim. She explains that her counsel first thought of this claim "while preparing a draft of Plaintiff's factual contentions in the Pretrial Order." (ECF No. 55 ¶ 5, at 2.) Dorris contends that this "additional claim [is] based on facts that are already in the Complaint and based on issues that have already been discussed in discovery." (*Id.* ¶ 8, at 3.) GTM opposes the amendment. GTM argues that Dorris has not established good cause for filing her motion after the deadline for motions to amend as set forth in the scheduling order expired. (ECF No. 56, at 2-4.) GTM also argues that Dorris unduly delayed seeking leave to amend and that GTM would suffer prejudice if the amendment were allowed. (*Id.* at 4-5.)

## II.   ANALYSIS

The deadline for motions to amend the pleadings was October 18, 2019. Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

### A.   Dorris Has Not Shown Good Cause Under Rule 16

"Rule 16(b)(4) is arguably more stringent than Rule 15[.]" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be

modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts."  *Husky Ventures*, 911 F.3d at 1020.  Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."  *Gorsuch*, 771 F.3d at 1240.  On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."  *Id.*  If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone.  *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Dorris admits in her motion that "she could have sought to amend her claim earlier."  (ECF No. 55 ¶ 9, at 3.)  She explains that she is seeking leave to amend now because her counsel did not think of an ADA retaliation claim until "preparing a draft of Plaintiff's factual contentions in the Pretrial Order."  (*Id.* ¶ 5, at 2.)  GTM contends that this reason does not establish the good cause necessary for Dorris to amend her complaint at this juncture.  (ECF No. 56, at 4.)  GTM points out that Dorris does not allege that she learned new facts during discovery that might justify a delay, nor does she claim there was any reason she was unaware of a potential ADA retaliation claim at the time she filed her complaint.  (*Id.* at 3.)  Dorris's reply states that she did not include an ADA retaliation claim in her original complaint because "she did not conceive of it at the time as being separate from her ADA failure to accommodate claim and her workers compensation retaliation claim."  (ECF No. 57, at 3.)  Dorris suggests that there is good cause for her untimely motion because it was only during discovery that it "became apparent that . . . on February 4th, Plaintiff also requested accommodations from Defendant."  (*Id.* at 2.)  Dorris contends that it was "[a]s

4

discovery progressed . . . and *especially after [her] deposition*," that it became clear to her that she also had a claim for ADA retaliation in connection with her request for accommodation on February 4. (*Id.* at 3 (emphasis added).)

Dorris has not demonstrated good cause for her belated motion to amend. Dorris should have been aware of the facts supporting an ADA retaliation claim at the inception of this case. Dorris's complaint alleged that she made a request for reasonable accommodation on February 4, and her employment was terminated "only days after" that request. (ECF No. 1 ¶¶ 12, 18, at 3.) So her February 4 request for accommodation was not uncovered for the first time in discovery. And GTM terminated her only three days later on February 7, thus providing the temporal proximity from which retaliatory intent may be inferred. But even if the court were to accept Dorris's argument that she came to appreciate that she had an ADA retaliation claim separate and apart from her ADA failure-to-accommodate claim and her workers compensation claim "as discovery progressed," Dorris says this became clear "especially after Plaintiff's deposition." (ECF No. 57, at 3.) That deposition took place months ago on March 2, 2020. (ECF No. 57-1, at 1.) Yet Dorris did not seek leave to amend promptly thereafter. If Dorris had, GTM could have conducted whatever discovery it needed on that claim during the approximately three and a half months remaining in discovery.

Instead, Dorris waited to seek leave to amend until early July—nearly one year after she filed the case, five months after Dorris's deposition, and after discovery was closed. This does not demonstrate diligence. The motion to amend is belated because of her counsel's oversight in not thinking of the claim until preparing a draft pretrial order. (*See* ECF No. 55 ¶ 5, at 2.) To be clear, the court appreciates and respects counsel's candor. However, counsel's oversight does not constitute good cause. *See Gorsuch*, 771 F.3d at 1240 ("If the plaintiff knew of the underlying

5

conduct but simply failed to raise [the] claims, [those] claims are barred."); *see also Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997) ("Plaintiff's counsel's 'inadvertence' or oversight is not good cause for purposes of Rule 16(b)."); *Powell v. CREDO Petroleum Corp.*, No. 09-CV-01540-WYD-KLM, 2011 WL 2565490, at *3 (D. Colo. June 29, 2011) (finding that a plaintiff failed to demonstrate good cause where his counsel had "overlooked the possibility of adding" the claim at issue). Because Dorris has not established good cause under Rule 16, the court denies her motion as untimely.

### B.  Dorris's Undue Delay in Seeking to Amend is Unduly Prejudicial to Defendant

The court also denies the motion under Rule 15(a). When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, GTM argues Dorris's motion should be denied based on undue delay and as unduly prejudicial under Rule 15(a). The court addresses each of these arguments, in turn.

### 1. Undue Delay

While "[l]ateness does not of itself justify the denial of the amendment," a party that "delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 1990)). "[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (quotation omitted). In evaluating what constitutes undue delay sufficient to deny a motion to amend, the district court must focus "primarily on the reasons for the delay." *Id.* at 1206. Denial is appropriate where the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *see also Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (noting that courts have "denied leave to amend in situations where the moving party cannot demonstrate excusable neglect," including "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").

The parties' arguments regarding undue delay are similar to those discussed above. For essentially the same reasons, the court denies Dorris's motion based on undue delay. Dorris admits that she could have sought leave to amend at an earlier juncture and that her proposed ADA retaliation claim arises out of the same facts as those giving rise to claims in her original complaint. Dorris did not timely seek leave to amend because of counsel's oversight. This oversight is not an adequate explanation sufficient to excuse Dorris's protracted delay in seeking leave to amend. *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (affirming denial of a motion to amend filed seventeen months after the original complaint where the plaintiff's counsel's sole

explanation for the delay was that "in researching another matter [he] ha[d] identified an additional cause of action" (alterations in original)); *see also Aircraft Fueling Sys., Inc. v. Sw. Airlines Co.*, No. 08-CV-414-GKF-FHM, 2011 WL 3421518, at *2 (N.D. Okla. Aug. 4, 2011) (finding no adequate reason for the plaintiff's failure to timely amend where the plaintiff admitted that "'[t]he additional claims arise out of the same set of core facts' giving rise to plaintiff's original claims" (alteration in original)); *Powell*, 2011 WL 2565490, at *4 (finding undue delay where the plaintiff admitted that he claim at issue "could have been asserted from the beginning, but that this possibility was simply overlooked").

### 2. Undue Prejudice

The most important factor in considering a motion to amend is "whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the [opposing parties] 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues." *Id.*

Dorris argues GTM would not be prejudiced by the proposed amendment because the additional claim is "based on facts that are already in the Complaint and based on issues that have already been discussed in discovery." (ECF No. 55 ¶ 8, at 3.) Dorris states that GTM has "received medical records pertaining to the [wrist] injury" (her alleged disability) and GTM deposed Dorris "on the issue of her wrist injury and her report of that wrist injury to Ms. Thomas on February 4th." (*Id.*) Further, Dorris contends that GTM understands the alleged protective activity, adverse action, and causal connection that form the basis of the proposed claim. (ECF No. 57, at 5.) Dorris also notes that GTM stipulated to the fact that Dorris reported pain in her wrist that she believed

8

was work-related to Defendant on February 4, 2019, and that GTM's Human Resources employee completed an Accident/Illness Report relating to her injury.  (*See* ECF No. 55 ¶ 8, at 3.)  Dorris "suggests that Defendant would never have stipulated to these facts had it been unaware of the facts giving rise to" the proposed ADA retaliation claim.  (*Id.*)

On the other hand, GTM argues it would be prejudiced if the court were to allow the belated amendment.  GTM reasons that ADA retaliation claims are not identical to workers' compensation retaliation claims.  (*See* ECF No. 56, at 5 ("Reporting a workplace injury is not equivalent conduct to requesting an accommodation under the ADA . . . .").)  GTM was not on notice that Dorris was asserting an ADA retaliation claim, and GTM points out that it therefore did not conduct discovery specific to that claim—for example, on the issue of a causal connection between Dorris's request for accommodation and her discharge.  Although Dorris's proposed amendment concerns factual matter that overlaps with existing claims, the court agrees with GTM that Dorris's proposed ADA retaliation claim is not so identical to the existing workers' compensation retaliation claim that GTM would not be entitled to further discovery.

The parties here already had approximately eight months to conduct discovery, which included multiple extensions.  Yet Dorris waited until after discovery closed to first raise the prospect of adding the ADA retaliation claim, despite admitting that she could have sought to amend earlier.  GTM had no opportunity to fully explore its defenses and conduct targeted discovery on an ADA retaliation claim.  Discovery has now been closed for over a month, and the pretrial conference is tomorrow.  The court is not going to reopen discovery.  In these circumstances, the court finds that allowing the amendment would cause undue prejudice to GTM.  Dorris's motion is therefore also denied on this basis.  *See, e.g.*, *Fonseca v. Spraying Sys. Co.*, ---F.Supp.3d ----, 2020 WL 3100641, at *12 (N.D. Ill. June 11, 2020) (denying a plaintiff with an

9

ADA retaliation claim leave to assert a state law workers' compensation claim at the summary judgment stage for reasons including "the obvious prejudice to Defendant"); *Ford v. Brennan*, No. 15-CV-0268-CVE-FHM, 2016 WL 830743, at *3 (N.D. Okla. Mar. 3, 2016) (denying a plaintiff alleging sex-based disparate treatment leave to add a sex-based hostile work environment claim after the close of discovery); *Justice v. Crown Cork & Seal Co., Inc.*, No. 06-CV-066-J, 2007 WL 9709810, at *2 (D. Wyo. Feb. 9, 2007) (denying a plaintiff alleging disability discrimination leave to amend his complaint to add an ADA retaliation claim after the close of discovery).

## III.   CONCLUSION

Dorris's motion to amend is untimely under the scheduling order, and she has not shown good cause for an extension of the deadline to accommodate the filing of this motion. Dorris also unduly delayed in moving to amend. She could have brought an ADA retaliation claim at the inception of this case or, at the very least, filed her motion to amend months ago while discovery was still ongoing. Dorris did not, and her counsel's oversight in timely asserting an ADA retaliation claim is not an adequate explanation for her delay. In addition, GTM would be unduly prejudiced by the proposed amendment because it had no motive or opportunity to conduct discovery on an ADA retaliation claim, and discovery is now closed. For these reasons, the court denies Dorris's motion to amend.

**IT IS THEREFORE ORDERED** that plaintiff Naomi Dorris's Motion for Leave to File Additional Claim Under the ADA (ECF No. 55) is denied.

**IT IS SO ORDERED.**

Dated July 29, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

10